# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| ED PARISH JR., as Ancillary Administrator of the Estate of VALERIA KIMBLE, deceased; EMILIO KIMBLE; and SERGIO KIMBLE; | * * * * * * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.: |
| 10 ROADS EXPRESS, LLC; and OCTAVIOUS JAMARIO LOVE | * * * |
| Defendants. | * |

## COMPLAINT

Plaintiffs Ed Parish, Jr., as the duly appointed Ancillary Administrator of the Estate of Valeria Kimble, deceased; Emilio Kimble; and Sergio Kimble, hereby file this Complaint against Defendants 10 Roads Express, LLC and Octavious Jamario Love, as follows:

## STATEMENT OF THE PARTIES

1. Valeria Kimble, deceased, was the sister of Sergio Kimble and the mother of Emilio Kimble, and at the time of her death in the State of Alabama as a consequence of the below-referenced vehicular accident, resided in El Paso, Texas.

2. On January 21, 2021, the Probate Court of El Paso County, Texas entered an order appointing Emilio Eduardo Kimble as the Independent Administrator of the Estate of Valeria Kimble, deceased. Exhibit A. Mr. Kimble then sought to have appointed an ancillary administrator of the estate in the State of Alabama to proceed with the present wrongful death lawsuit. On April 17, 2021, the Marion County Probate Court entered an order appointing Plaintiff Ed Parish, Jr., as

1

Ancillary Personal Representative of the Estate of Valeria Kimble. Exhibit B. Therefore, pursuant to Alabama law, Ed Parish, Jr. is entitled to maintain this wrongful death lawsuit on behalf of the Estate of Valeria Kimble.

3. Plaintiff Emilio Kimble is the surviving son of Valeria Kimble, is an adult resident of the State of Texas, and was an occupant in the vehicle alongside Valeria Kimble in the below-described accident.

4. Plaintiff Sergio Kimble was the surviving brother of Valeria Kimble, is an adult resident of the State of New Mexico, and was an occupant in the vehicle alongside Valeria Kimble in the below-described accident. Moreover, Sergio Kimble was the owner of the vehicle impacted and damaged by the Defendants' commercial motor vehicle as a result of the subject accident.

5. Defendant 10 Roads Express, LLC, is a foreign corporation whose principal place of business is in Carter Lake, Pottawattamie County, Iowa. At all times material herein, Defendant 10 Roads Express, LLC was believed to be the employer of Defendant Octavious Jamario Love.

6. Defendant Octavious Jamario Love is over the age of majority and is a resident of Cordova, Shelby County, Tennessee. At all times material herein, Love was believed to be an employee and/or an agent of 10 Roads Express, LLC.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $75,000 and has diversity of citizenship between the parties pursuant to 28 U.S.C.S. § 1332.

8. Moreover, the Defendants utilize the roads and infrastructure of Alabama on a constant basis – including the road where this accident occurred, and maintain frequent contact with the State of Alabama, as a means to transact and conduct commerce.

9. Venue is proper pursuant to 28 U.S. Code § 1391(b)(2), as the accident giving rise to this lawsuit occurred within this Federal District.

**STATEMENT OF FACTS**

10. On or about August 10, 2020, Plaintiff Sergio Kimble was the owner and driver of a 1960 Chevrolet Apache, and was operating the vehicle eastbound on I-22 in Marion County, Alabama. The vehicle also contained occupants Valeria Kimble, Sergio's sister, and Emilio Kimble, Valeria's son.

11. At the same time and place, Defendant Octavious Jamario Love ("Love" or "Defendant Love") was operating a commercial vehicle owned by Defendant 10 Roads Express, LLC. Defendant Love's commercial vehicle was headed eastbound on I-22 in Marion County, Alabama, and approaching the Kimble vehicle from the rear.

12. Upon information and belief, Defendant Love operated the subject commercial vehicle in a manner causing it and/or allowing it to crash into the rear of the vehicle operated by Plaintiff Sergio Kimble.

13. Leading up to and at the time of the accident, Defendant Love was an employee and/or agent of Defendant 10 Roads Express. Moreover, this accident occurred on a stretch of road frequently utilized by Defendant Love and Defendant 10 Roads Express's in furtherance of their business operations.

14. At all times herein mentioned, the Plaintiffs' vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Alabama.

15. As a direct and proximate result of the wrongful, negligent, and/or wanton conduct of Defendant Love and Defendant 10 Roads Express, LLC, Valeria Kimble suffered catastrophic,

and fatal, injuries. Plaintiffs Sergio and Emilio Kimble, who were seated immediately adjacent to Valeria Kimble and within the zone of danger at the time of the accident, suffered severe and life-altering physical, mental and emotional injuries. The accident further caused extensive property damage to Sergio Kimble's vehicle, thereby causing the value and use of his vehicle to be greatly diminished.

## COUNT ONE

**(Negligence/Wantonness – Defendant Love)**

16. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

17. On August 10, 2020, Defendant Love was operating a commercial vehicle within the line and scope of his employment with 10 Roads Express, LLC when he negligently and wantonly allowed his vehicle to collide with the rear of the vehicle occupied by the Plaintiffs, thereby causing an accident with the Plaintiffs' vehicle.

18. Defendant Love had a duty to act reasonably and use care while operating the subject commercial vehicle. Defendant Love had a duty to pay attention to traffic, to maintain a proper lookout, to comply with proper following distances, to obey traffic control devices, to obey the laws and rules of the State of Alabama, to adhere to industry standards and best practices related to the proper operation of a commercial motor vehicle, to adhere to state and federal motor carrier safety regulations, and to pay full time and attention to the operation of his vehicle and avoid a collision.

19. Defendant Love breached that duty of due care by failing to pay attention to traffic, failing to maintain a proper lookout, failing to comply with proper following distances, failing to obey traffic control devices, failing to obey the laws and rules of the State of Alabama, failing to

4

adhere to industry standards and best practices related to the proper operation of a commercial motor vehicle, failing to adhere to state and federal motor carrier safety regulations, and failing to pay full time and attention to the operation of his vehicle and avoid a collision.

20. As a direct and proximate cause of the negligence or wantonness of Defendant Love, Plaintiff Valeria Kimble suffered fatal injuries, and Plaintiffs Sergio and Emilio Kimble – who were passengers with Valeria Kimble and seated immediately adjacent to her within the zone of danger, suffered severe, life-altering personal injuries, and were further mentally and emotionally damaged. The Defendants' conduct further caused extensive property damage to Sergio Kimble's vehicle, thereby causing the value and use of his vehicle to be greatly diminished.

## COUNT TWO

### (Negligence/Wantonness – Defendant 10 Roads Express, LLC)

21. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

22. Defendant 10 Roads Express, LLC, had a duty to act reasonably and use care while conducting its commercial motor vehicle business. This Defendant had a duty to comply with and obey the laws and rules of the State of Alabama, and to adhere to industry standards and best practices related to the proper maintenance, use, and operation of commercial motor vehicles owned, operated, and/or utilized by it. This Defendant further had a duty to hire, use, supervise, evaluate, train, and/or maintain drivers of commercial motor vehicles in accordance with applicable industry standards and best practices. This Defendant further had a duty to conduct its business in such a manner to foster an atmosphere of safe and competent commercial motor vehicle operation to the public. Moreover, this Defendant had a duty to adhere to all applicable safety

regulations – including state and federal motor carrier safety regulations, and to pay full time and attention to the operation of its commercial motor vehicle business.

23. Defendant 10 Roads Express, LLC breached all the duties referenced in Paragraph 22 above.

24. As a direct and proximate cause of the negligence or wantonness of Defendant 10 Roads Express, LLC, Plaintiff Valeria Kimble suffered fatal injuries, and Plaintiffs Sergio and Emilio Kimble – who were passengers with Valeria Kimble and seated immediately adjacent to her within the zone of danger, suffered severe, life-altering personal injuries, and were further mentally and emotionally damaged. Moreover, Defendant 10 Roads Express, LLC's conduct further caused extensive property damage to Sergio Kimble's vehicle, thereby causing the value and use of his vehicle to be greatly diminished.

## COUNT THREE

**(Gross Negligence/Wantonness – Defendants Love and 10 Roads Express, LLC)**

25. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

25. At the time and place of the aforementioned accident, the Defendants operated the subject commercial motor vehicle in a careless, reckless and unsafe manner; failed to exercise ordinary care and diligence; and were further grossly negligent in, including but not limited to, the following respects:

> (a) they failed in their duties as referenced above in Paragraphs 18 and 19, all in total disregard for the safety of the public and Plaintiffs to constitute gross negligence and/or wanton conduct;

(b) they failed in their duties as referenced above in Paragraphs 22 and 23, all in total disregard for the safety of the public and Plaintiffs to constitute gross negligence and/or wanton conduct;

(c) they failed to maintain proper control of the subject vehicle so as to avoid an accident, all in total disregard for the safety of the public and Plaintiffs to constitute gross negligence and/or wanton conduct;

(d) Defendant 10 Roads Express, LLC entrusted its vehicle to Defendant Love, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a motor vehicle in a negligent and reckless manner, all in total disregard for the safety of the public and Plaintiffs to constitute gross negligence and/or wanton conduct;

(e) Defendant 10 Roads Express, LLC negligently or wantonly hired, retained, supervised, entrusted a vehicle to and/or trained Defendant Love, all in total disregard for the safety of the public and Plaintiffs to constitute gross negligence and/or wanton conduct.

(f) Defendants Love and 10 Roads Express, LLC negligently and/or wantonly inspected and/or maintained the tractor trailer driven by Love, all in total disregard for the safety of the public and Plaintiffs to constitute gross negligence and/or wanton conduct.

(g) Defendants Love and 10 Roads Express, LLC otherwise breached their duties of ordinary care, all in total disregard for the safety of the public and the Plaintiffs to constitute gross negligence and/or wanton conduct.

26. Defendants' conduct constitutes gross negligence and/or wantonness, which proximately caused, in whole or in part, the death of Plaintiff Valeria Kimble while also inflicting severe, life-altering personal injuries, and mental and emotional damages to Plaintiffs Sergio and Emilio Kimble – who were passengers with Valeria Kimble and seated immediately adjacent to her within the zone of danger. The Defendants' aforementioned conduct further caused extensive property damage to Sergio Kimble's vehicle, thereby causing the value and use of his vehicle to be greatly diminished.

## COUNT FOUR

### (Negligent Hiring, Training, Supervision and Retention – Defendant 10 Roads Express, LLC)

27. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

28. Defendant 10 Roads Express, LLC, prior to and at the time of the accident, was negligent in its hiring, training, supervision and retention of Defendant Love, in that it entrusted the subject commercial motor vehicle to Defendant Love, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a motor vehicle in a negligent and reckless manner.

29. Defendant 10 Roads Express, LLC's negligence in hiring, retention, training and supervision of Defendant Love proximately caused, in whole or in part, the death of Valeria Kimble while also inflicting severe, life-altering personal injuries, and mental and emotional damages to Plaintiffs Sergio and Emilio Kimble – who were passengers with Valeria Kimble and seated immediately adjacent to her within the zone of danger. 10 Roads Express, LLC's aforementioned conduct further caused extensive property damage to Sergio Kimble's vehicle, thereby causing the value and use of his vehicle to be greatly diminished.

30. Defendant 10 Roads Express, LLC possessed direct and/or constructive knowledge and information, that Defendant Love was not competent and/or qualified to safely operate a commercial motor vehicle, thus presenting the foreseeable result of a tragic accident if Defendant 10 Roads Express, LLC continued to retain Defendant Love to perform such a job.

31. Therefore, Defendant 10 Roads Express, LLC's negligence in retaining Defendant Love, or otherwise failing to exercise ordinary care in his retention notwithstanding the company's knowledge, proximately caused, in whole or in part, the death of Valeria Kimble while also inflicting severe, life-altering personal injuries, and mental and emotional damages to Plaintiffs Sergio and Emilio Kimble – who were passengers with Valeria Kimble and seated immediately adjacent to her within the zone of danger. 10 Roads Express, LLC's aforementioned conduct further caused extensive property damage to Sergio Kimble's vehicle, thereby causing the value and use of his vehicle to be greatly diminished.

## COUNT FIVE

**(Agency Defendant – Defendant 10 Roads Express, LLC)**

32. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

33. The above-described acts of Defendant Love were committed while he was acting as an agent, servant, and/or employee of Defendant 10 Roads Express, LLC, and were committed within the scope of his agency and while furthering the business interests of Defendant 10 Roads Express, LLC.

34. As principal of Defendant Love, Defendant 10 Roads Express, LLC is responsible for all of the acts committed by Defendant Love within the scope of his agency, including the truck accident in this case that caused the Plaintiffs' injuries.

35. As a consequence of the Defendants' relationship, Defendant 10 Roads Express LLC is liable under Alabama law for the death of Valeria Kimble, and the severe, life-altering personal injuries, and mental and emotional damages to Plaintiffs Sergio and Emilio Kimble – who were passengers with Valeria Kimble and seated immediately adjacent to her within the zone of danger. Moreover, Defendant 10 Roads Express LLC is liable for the extensive damage to Sergio Kimble's vehicle – including its diminished value and loss of use.

## COUNT SIX

### (Combined and Concurring Negligence)

36. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

37. The negligence, wantonness and/or other wrongful acts of the Defendants in this case combined and concurred to cause the injuries and damages to the Plaintiffs as alleged herein.

## DAMAGES AND PRAYER FOR RELIEF

38. Plaintiffs reallege all preceding paragraphs of the Complaint as if set out here in full.

39. The Defendants' conduct as described herein wrongfully caused: Valeria Kimble's untimely death; Plaintiff Sergio Kimble's severe, life-altering personal injuries, and mental and emotional damages; and Plaintiff Emilio Kimble's severe, life-altering personal injuries, and mental and emotional damages. The Defendants' conduct further caused extensive damage to Sergio Kimble's vehicle, and its resulting loss of use and diminution of value.

40. WHEREFORE, the Plaintiffs hereby demand a judgment against the Defendants jointly and severally for all damages available to the Plaintiffs under Alabama law in such an amount as a jury may award, including but not limited to the following:

a. All damages recoverable under Alabama's Wrongful Death Act for the wrongful death of Valeria Kimble;

b. All compensatory damages recoverable under Alabama law for the physical, mental, and emotional injuries sustained by Sergio Kimble;

c. All compensatory damages recoverable under Alabama law for the physical, mental, and emotional damages sustained by Emilio Kimble;

d. All compensatory damages recoverable under Alabama law for the property damage to Sergio Kimble's vehicle, including the vehicle's loss of use and diminished value;

e. All of Plaintiffs' out of pocket costs related to and/or arising out of the subject accident;

f. All punitive damages recoverable pursuant to the laws of Alabama for the Defendants' willful, wanton, intentional, reckless, grossly negligent, and/or malicious acts;

g. Interest from the date of the injuries suffered herein;

h. All costs of the proceeding, including litigation costs and attorneys' fees;

i. Any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

This the **24th** day of **May, 2021**.

*/s/ J. Parker Miller*
J. Parker Miller (ASB-7363-H53M)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce St. (36104)
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343 telephone
(334) 954-7555 facsimile
Parker.Miller@beasleyallen.com


**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

10 Roads Express, LLC.
c/o Registered Agents Inc.
315 E. 5th Street, Suite 202
Waterloo, IA 50703

Octavious Jamario Love
8825 Lindstorm CV
Cordova, Tennessee 38016