IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ED PARISH, JR., Ancillary Administrator of the Estate of VALERIA KIMBLE, deceased EMILIO KIMBLE and SERGIO KIMBLE, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION<br>) FILE NO.: 6:21-cv-00732-RDP |
| vs. | )<br>) DEMAND FOR JURY TRIAL |
| 10 ROADS EXPRESS, LLC and OCTAVIOUS JAMARIO LOVE, | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendants 10 Roads Express, LLC and Octavious Jamario Love (collectively referred to herein as "Defendants") answer Plaintiffs' Complaint as follows:

### FIRST DEFENSE

To the extent it is determined that Plaintiffs' damages were caused, in whole or in part, by the acts or omissions of third persons and/or entities for whose conduct Defendants are not liable, Defendants reserves the right to assert such defenses.

### SECOND DEFENSE

To the extent it is determined that Plaintiffs' damages were caused, in whole or in part, by one or more subsequent, superseding, or intervening events over which Defendants had no control, Defendants reserve the right to assert such defenses.

### THIRD DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of laches, waiver, and/or estoppel, and/or applicable statutes of limitation.

## FOURTH DEFENSE

An award of punitive damages in this action would violate the due process and equal protection rights of Defendants pursuant to Amendment XIV of the Constitution of the United States of America. Alabama's laws regarding punitive damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide Defendants with sufficient notice of (a) the type of conduct that may result in an award of punitive damages or (b) the amount of punitive damages that might be awarded as a result of particular types of conduct. Instructions given to jurors provide no meaningful limitations on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on the instruction to the jury at the trial.

## FIFTH DEFENSE

Plaintiffs' claims for punitive damages would violate Defendants' rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitutions of the United States of America and Article I, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

## SIXTH DEFENSE

To the extent it is determined that Plaintiffs failed to mitigate their damages, Defendants are not responsible for any damages that could have been reasonably avoided.

**SEVENTH DEFENSE**

To the extent it is determined that contributory negligence exists on the part of the Plaintiffs, the Defendants assert such negligence as a bar to their claims.

**EIGHTH DEFENSE**

Defendants reserve the right to assert the defense of spoliation of evidence, if appropriate.

**NINTH DEFENSE**

Defendants hereby give notice that they intend to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby reserve the right to amend their Answer to assert any such additional defenses or affirmative defenses.

**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants further respond to the specific allegations contained in Plaintiffs' Complaint as follows:

**1.**

Defendants are without knowledge sufficient to permit an admission or denial to the allegations contained in Paragraph 1.

**2.**

Defendants admit that Exhibits A and B attached to Plaintiffs' Complaint appears to grant the appointments set forth in Paragraph 2 of Plaintiffs' Complaint.

**3.**

Except to admit that Plaintiff Emilio Kimble was an occupant in the vehicle involved in the subject accident, Defendants are without knowledge sufficient to permit an admission or denial to the allegations contained in Paragraph 3.

**4.**

Except to admit that Plaintiff Sergio Kimble was an occupant in the vehicle involved in the subject accident and owned that vehicle, Defendants are without knowledge sufficient to permit an admission or denial to the allegations contained in Paragraph 4.

**5.**

Admitted.

**6.**

Admitted.

## JURISDICTION AND VENUE

**7.**

Admitted.

**8.**

Defendants admit that they utilize the roads and infrastructure of Alabama, including the road where the subject accident occurred, as a means to transact and conduct commerce.

**9.**

Admitted.

## STATEMENT OF FACTS

**10.**

Admitted, upon information and belief.

**11.**

Admitted.

**12.**

Admitted.

**13.**

Admitted.

**14.**

Admitted, upon information and belief.

**15.**

Defendants admit that the actions of Defendant Love resulted in the fatal injuries to Valeria Kimble, the injuries to Plaintiffs Sergio Kimble and Emilio Kimble, and property damage to Plaintiff Sergio Kimble's vehicle. Defendants are without knowledge sufficient to permit an admission or denial to the remaining allegations contained in Paragraph 15.

## COUNT ONE – NEGLIGENCE/WANTONNESS-DEFENDANT LOVE

**16.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**17.**

Defendants admit that Defendant Love was operating a commercial motor vehicle within the line and scope of his employments with 10 Roads Express, LLC on August 10, 2020, when he allowed his vehicle to collide with the rear of the vehicle occupied by the Plaintiffs, thereby causing an accident with the Plaintiffs' vehicle. The remainder of the allegations in Paragraph 17 are denied.

**18.**

Admitted.

**19.**

Defendants admit that Defendant Love breached the duty of care in allowing his vehicle to collide with the vehicle occupied by Plaintiffs.

**20.**

Defendants admit that Defendant Love's operation of his vehicle in allowing it to collide with the vehicle occupied by Plaintiffs was a direct and proximate cause of the fatal injuries to Valeria Kimble, the injuries to Plaintiffs Sergio Kimble and Emilio Kimble, and property damage to Plaintiff Sergio Kimble's vehicle.

**COUNT TWO – NEGLIGENCE/WANTONNESS-10 ROADS EXPRESS, LLC**

**21.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**22.**

Admitted.

**23.**

Denied.

**24.**

Denied.

**COUNT THREE – GROSS NEGLIGENCE/WANTONNESS-DEFENDANTS LOVE AND 10 ROADS EXPRESS, LLC**

**25.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**25 (Second Numbered Paragraph)**

Denied, including subparagraphs (a) through (g).

**26.**

Denied.

## COUNT FOUR – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION - 10 ROADS EXPRESS, LLC

**27.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**28.**

Denied.

**29.**

Denied.

**30.**

Denied.

**31.**

Denied.

## COUNT FIVE – AGENCY DEFENDANT - 10 ROADS EXPRESS, LLC

**32.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**33.**

Defendants admit that Defendant Love's actions in allowing his vehicle to collide with the vehicle occupied by Plaintiffs were committed while Defendant Love was acting as an employee of Defendant 10 Roads Express, LLC and were committed within the scope of his employment and while furthering the business interests of Defendant 10 Roads Express, LLC.

**34.**

Defendants admit that as Defendant Love's employer, Defendant 10 Roads Express, LLC is responsible for the acts committed by Defendant Love within the scope of his employment, including the subject accident in this case that caused Plaintiffs' injuries.

**35.**

Defendants admit that as Defendant Love's employer, Defendant 10 Roads Express, LLC is responsible for the acts committed by Defendant Love within the scope of his employment, and the injuries and property damage that resulted from those acts.

### COUNT SIX – COMBINED AND CONCURRING NEGLIGENCE

**36.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**37.**

Defendants admit that Defendant Love's actions in allowing his vehicle to collide with the vehicle occupied by Plaintiffs caused the injuries and damages to the Plaintiffs.

### DAMAGES AND PRAYER FOR RELIEF

**38.**

Defendants restate and reassert each and every prior response as if fully set forth herein.

**39.**

Defendants admit that Defendant Love's actions in allowing his vehicle to collide with the vehicle occupied by Plaintiffs caused the injuries and damages to the Plaintiffs.

**40.**

Defendants admit that Plaintiffs are entitled to recover damages under Alabama law.

This the 14th day of July, 2021.

420 20th Street North  
Shipt Tower, Suite 1400  
Birmingham, Alabama 35203  
Telephone:  (205) 328-0480  
Facsimile:   (206) 322-8007  
Email: dmcdowell@bakerdonelson.com  

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**

  */s/ David W. McDowell*  
DAVID W. MCDOWELL  

Monarch Plaza, Suite 1600  
3414 Peachtree Road NE  
Atlanta, Georgia 30326  
Telephone:  (404) 577-6000  
Facsimile:   (404) 221-6501  
Email: mbarber@bakerdonelson.com  
Email: bcole@bakerdonelson.com  

MARK A. BARBER  
(*Pro Hac Vice forthcoming*)  
Georgia State Bar No. 036875  
BRENT W. COLE  
(*Pro Hac Vice forthcoming*)  
Georgia State Bar No. 294999  

*Attorneys for Defendants 10 Roads Express, LLC and Octavious Jamario Love*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on July 14, 2020, I have served a copy of **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** by electronically filing the foregoing with the Clerk by using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

J. Parker Miller
Beasley, Allen, Crow, Methvin, Portis &
Miles, P.C.
218 Commerce Street (36104)
P.O. Box 4160
Montgomery, Alabama 36103-4160

|  |  |
|---|---|
|  | BAKER, DONELSON, BEARMAN |
| 420 20th Street North | CALDWELL & BERKOWITZ, PC |
| Shipt Tower, Suite 1400 |  |
| Birmingham, Alabama 35203 | /s/ David W. McDowell |
| Telephone: (205) 328-0480 | DAVID W. MCDOWELL |
| Facsimile: (206) 322-8007 |  |
| Email: dmcdowell@bakerdonelson.com |  |

*Attorney for Defendants 10 Roads Express, LLC and Octavious Jamario Love*